United States District Court
For the Northern District of California

1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ROBERT PACK,                    ) Case Nos. 12-cv-4512-SC
                                     )           12-cv-4513-SC
11          Plaintiff,               )
                                     ) ORDER GRANTING DEFENDANTS'
12      v.                           ) MOTION FOR RULE 11
                                     ) SANCTIONS AND AWARDING
13   HOGE FENTON JONES & APPEL, INC.,) ATTORNEY FEES
     et al.,                         )
14                                   )
                                     )
15          Defendants.              )
                                     )
16   ──────────────────────────────────

17   **I.    INTRODUCTION**

18       Plaintiff Robert Pack has filed two civil cases against Hoge

19   Fenton Jones & Appel, Inc., a law firm that formerly represented

20   him, and attorneys affiliated with the firm (collectively,

21   "Defendants").  Case Nos. 12-cv-4512-SC (the "'12 Action"), 12-cv-

22   4513-SC (the "'13 Action").  Mr. Pack voluntarily dismissed the '12

23   Action, but the Court has retained jurisdiction over the matter for

24   the limited purpose of adjudicating Defendants' Motion for

25   Sanctions pursuant to Federal Rule of Civil Procedure 11.  '12

26   Action Dkt. Nos. 40, 43 ("Dec. 7 Order").  That motion is fully

27   briefed.  '12 Action Dkt. Nos. 35 ("MFS"), 38 ("MFS Opp'n"), 39

28   ("MFS Reply").  The '13 action has been remanded to state court,

**United States District Court**
For the Northern District of California

1    but the Court has also retained jurisdiction over that matter for

2    the purpose of assessing attorney fees.  Dec. 7 Order at 8.  For

3    the reasons set forth below, the Court GRANTS Defendants' Motion

4    for Sanctions in the '12 Action and awards Defendants sanctions in

5    the amount of $10,000.  The Court also awards Defendants $5,000 in

6    attorneys' fees in connection with the '13 Action.[1]

7

8    **II.    BACKGROUND**

9         The procedural history of the '12 and '13 Actions is somewhat

10   tortured.  Both cases arise out of an underlying federal action in

11   which Defendants represented Mr. Pack, Pack v. McCausland, 01-cv-

12   02685-VRW (N.D. Cal.) (the "underlying action").  Mr. Pack was

13   dissatisfied with Defendants' representation in the underlying

14   action and, on January 14, 2011, filed an action for legal

15   malpractice, breach of fiduciary duty, and emotional distress

16   against Defendants in Alameda County Superior Court.  '12 Action

17   Dkt. No. 18 ("RJN") Ex. A.

18        After Mr. Pack amended his complaint several times, the state

19   court struck, with prejudice, his claim for emotional distress on

20   July 27, 2011.  RJN Ex. E.  On September 30, 2011, the Court also

21   struck Mr. Pack's prayer for punitive damages with prejudice.  RJN

22   Ex. E.  As to Mr. Pack's prayer for punitive damages, the state

23   court found:

24

25              The   facts   alleged   do   not   support   the
                conclusions  that  Defendants  were  guilty  of

26   _____

27   [1] Also pending before the Court is Defendants' motion for sanctions
     in the '13 Action.  '13 Action Dkt. No. 20.  That motion is DENIED
     as moot, as the Court is awarding Defendants attorney fees under

28   under 28 U.S.C. § 1447(c) in connection with Mr. Pack's improper
     removal.

United States District Court
For the Northern District of California

> malice, oppression, or fraud.   The facts
> alleged   show   negligent   conduct   during
> Defendants'   representation   of   Plaintiff.
> The allegations of omissions and affirmative
> representations   made   by   Defendants   are
> related  and  intertwined  with  the  allegedly
> negligent legal work, and not sufficient to
> support    a    fraud    claim.    Plainitffs'
> allegations   do   not   show   that   Defendants
> intended   to   harm   Plaintiff,   or   that   their
> conduct   was   despicable   and   committed   with
> willful    and    conscious    disregard    of
> Plaintiff's  rights.   The  Court's  ruling  is
> without   prejudice   to   Plaintiff's   right   to
> seek  leave  to  amend  if  facts  are  discovered
> to   support   an   allegation   that   Defendants
> committed despicable conduct . . . .

Id.   On November 22, 2011, the state court set trial for September

4, 2012, noting that Mr. Pack had waived his request for a jury

trial.   RJN Ex. F.

On June 29, 2012, after the state court action had been

pending for over eighteen months, Mr. Pack, through his new counsel

Russell A. Robinson, sought leave to amend his complaint for a

third time so as to assert claims for fraud/misrepresentation and

punitive damages and to revive his jury trial demand.   RJN Ex. G.

Mr. Pack's motion was denied on July 19, 2012.   RJN Ex. I.   The

Court reasoned:

> Plaintiff has not shown that his new claims
> are based on evidence that was only recently
> discovered,   not   shown   that   he   acted
> diligently  to  discover  the  facts,  and  has
> not   shown   that   he   acted   promptly   upon
> discovery  of  the  relevant  facts. . . . .
> The attempt to add a demand for jury trial
> is simply improper. . . . .   The declaration
> of  Russell  A.  Robinson  is  inaccurate  with
> respect  to  the  nature  of  the  amendments,  and
> does not provide an adequate explanation for
> the failure to seek leave to amend sooner or
> why the amendment is necessary.

Id.

3

**United States District Court**
For the Northern District of California

1    On August 28, 2012, about one month after this ruling and one

2 month before the state court action was set for trial, Mr. Pack

3 removed the case to federal court, where it was filed as the '13

4 action.  '13 Action Dkt. No. 1.  On the same day, Mr. Pack filed

5 the '12 Action in federal court.  '12 Action Dkt. No. 1 ("'12

6 Compl.").  The '12 Action involves many of the claims previously

7 asserted in the state court action, including claims for breach of

8 contract, fraud/negligent misrepresentation, a request for punitive

9 damages, and a demand for a jury trial.  Id.  The only federal

10 claim asserted in the '12 Action is for violations of the Racketeer

11 Influenced and Corrupt Organizations Act ("RICO").  Id.  The '12

12 and '13 Action were later related and assigned to the undersigned.

13 '13 Action Dkt. No. 11.

14    On September 26, 2012, Defendants moved to dismiss the '12

15 Complaint, arguing, among other things, that Mr. Pack's claims

16 failed as a matter of law and were barred by the relevant statute

17 of limitations.  '12 Action Dkt. No. 17.  Instead of responding to

18 the motion, Mr. Pack filed an amended complaint, which asserted the

19 same claims as the original complaint.  '12 Action Dkt. No. 22

20 ("'12 FAC").  Defendants again moved to dismiss and also moved for

21 Rule 11 Sanctions.  '12 Action Dkt. No. 28 ("MTD '12 Compl."); MFS.

22 Mr. Pack did not oppose the motion to dismiss and subsequently

23 filed a notice of voluntary dismissal.  '12 Action Dkt. No. 40.

24 Defendants also moved to remand the '13 Action and moved for Rule

25 11 sanctions and attorneys' fees in connection with Mr. Pack's

26 improper removal.  '13 Action Dkt Nos. 12, 20.

27    On December 7, 2012, the Court issued an order on Defendants'

28 pending motions in the '12 and '13 Actions.  With respect to the

**United States District Court**
For the Northern District of California

1   '13 Action, the Court granted Defendants' motion to remand,

2   reasoning that, in light of the plain language of 28 U.S.C. §

3   1441(a), a plaintiff has no right to remove to federal court.  Dec.

4   7 Order at 4-5.  The Court found that, because Mr. Pack's removal

5   was objectively unreasonable, Defendants were entitled to attorney

6   fees.  Id. at 5-6.  The Court deferred ruling on the amount of the

7   attorney fee award pending supplemental briefing on the

8   reasonability of its fee request and on the issue of who should pay

9   -- Mr. Pack, his counsel, or both.  Id. at 7 n.6.  As to the '12

10  Action, the Court found that Mr. Pack's voluntary dismissal did not

11  divest the Court of jurisdiction to hear the pending Motion for

12  Sanctions, but deferred ruling on that motion.  Id. at 4.

13       Defendants have since filed supplemental briefing, as well as

14  supporting declarations, concerning attorney fees and other issues

15  raised by the December 7 Order.  '12 Action Dkt. Nos. 45 ("Supp.

16  Br."), 45-1 ("Krieg Decl."), 45-5 ("Lane Decl."), 45-8 ("Field

17  Decl.").  Mr. Pack declined to file a response.

18

19  **III.  DISCUSSION**

20       **A.    Motion for Sanctions in the '12 Action**

21       Under Rule 11 of the Federal Rules of Civil Procedure, the

22  Court may impose sanctions against a party or attorney when a

23  pleading is filed for an improper purpose, when the legal

24  contentions are not warranted by existing law or a nonfrivolous

25  argument for the extension of existing law, or when the factual

26  contentions lack evidentiary support.  Fed. R. Civ. P. 11(b)-(c).

27  "The rule provides two independent bases for the imposition of

28  sanctions: [1] if a pleading is frivolous and [2] if it has been

**United States District Court**
For the Northern District of California

1   filed for an improper purpose." Westlake N. Property Owners Ass'n

2   v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990).  The

3   standard governing both bases is objective.  G.C. & K.B. Invs.,

4   Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).  "[T]he

5   subjective intent of the pleader . . .  to file a meritorious

6   document is of no moment.  The standard is reasonableness.  The

7   'reasonable [person]' against which conduct is tested is a

8   competent attorney admitted to practice before the district court."

9   Zaldivar v. City of L.A., 780 F.2d 823, 830 (9th Cir. 1986).

10      The Court finds that Rule 11 sanctions are appropriate here

11  because the claims asserted in the '12 Action are frivolous.  As

12  discussed below, the fraud claim asserted in the '12 Action has

13  already been rejected by the state court, the other state law

14  claims asserted in the '12 Action are clearly time-barred, and the

15  '12 Action's RICO claim is frivolous.  Further, the timing of the

16  '12 Action demonstrates that it was filed for an improper purpose:

17  avoiding the state court's adverse rulings through forum shopping.

18  Mr. Pack filed '12 Action on August 28, 2012, the same day that he

19  improperly removed the '13 Action, about a month after the state

20  court denied his motion for leave to amend, and about a month

21  before the state court action was set for trial.  Mr. Pack offers

22  no alternative explanation for the timing of the '12 Action.  Nor

23  does he offer a coherent explanation of why the claims asserted in

24  the '12 Action have merit or what diligence, if any, his counsel

25  performed prior to filing these claims.  The Court reviews each of

26  these claims below.

27      Mr. Pack's fraud claim is substantially similar to the claims

28  he tried to assert in state court.  Compare '12 FAC ¶¶ 70-97 with

6

**United States District Court**
For the Northern District of California

1   RJN Exs. D ¶¶ 54-64, G ¶¶ 82-93.  The gravamen of these allegations

2   is that Defendants misrepresented their level of experience with

3   federal practice; that Mr. Pack relied on these misrepresentations;

4   that Defendants' legal representation in the underlying action was

5   deficient; and that Defendants abandoned their representation of

6   Mr. Pack to avoid further problems resulting from their negligence.

7   See '12 FAC ¶¶ 70-97; RJN Exs. D ¶¶ 54-64, G ¶¶ 82-93.  The state

8   court rejected these claims on numerous occasions, dismissing a

9   fraud-based claim asserted in Mr. Pack's second amended complaint

10  with prejudice and, after discovery, denying Mr. Pack's motion to

11  amend his complaint to assert a new claim for fraud.  See RJN Exs.

12  E, I.

13      Mr. Pack suggests that he may now re-assert his previously

14  dismissed fraud claim because it is based on new information

15  obtained through the depositions of Paul Breen and Samuel Goldstein

16  and because the state court only rejected his new fraud claim on

17  procedural grounds.  Opp'n at 2.  These arguments are unfounded.

18  First, Mr. Pack never explains what new information was discovered

19  through the depositions, and the state court has already held that

20  Mr. Goldstein's deposition was "unrelated to any of the new [fraud]

21  claims [asserted] by [Mr. Pack]."  Second, the fraud claim asserted

22  in the '12 Action incorporates many of the allegations and theories

23  asserted in Mr. Pack's second amended complaint in state court.

24  Compare '12 SAC ¶¶ 79-84 with RJN Ex. D ¶¶ 55(a)-64.  Mr. Pack does

25  not dispute that the state court dismissed these claims with

26  prejudice on substantive grounds.  Third, Mr. Pack appears to be

27  arguing that forum shopping is acceptable, so long as it is used to

28  avoid a procedural, rather than a substantive decision.  The Court

**United States District Court**
For the Northern District of California

1   disagrees.  Under Mr. Pack's logic, no decision made on procedural

2   grounds would ever be final.[2]

3       The frivolous nature of the '12 Action is further underscored

4   by the fact that Mr. Pack's other state law claims for breach of

5   contract and breach of the covenant of good faith and fair dealing

6   ("bad faith") are clearly time-barred.  In the '12 Complaint, Mr.

7   Pack alleged that these claims are not time-barred because the

8   parties entered into several tolling agreements which expired on

9   October 31, 2010, and because the relevant statute of limitations

10  is four years.  '12 Compl. ¶ 13.  But as Defendants pointed out in

11  their Motion to Dismiss the '12 Complaint, this is a clear

12  misstatement of California law.  MTD '12 Compl. at 17.  Under

13  section 340.6(a) of the California Code of Civil Procedure, "[a]n

14  action against an attorney for a wrongful act or omission . . .

15  shall be commenced within one year after the plaintiff discovers .

16  . . the facts constituting the wrongful act or omission, or four

17  years from the date of the wrongful act or omission, whichever

18  occurs first."

19      In this case, Mr. Pack was clearly aware of the Defendants'

20  allegedly wrongful acts by January 2011 -- when he filed his state

21  court action -- but he did not file the '12 Action until August

22  2012.  Further, since Mr. Pack alleges that Defendants terminated

23  _____

24  [2] Mr. Pack also suggests that he was not forum shopping to avoid an
    adverse state court ruling because the state court denied

25  Defendants' motion for summary judgment, which he describes as "the
    single most critical -- biggest -- motion of the entire case."

26  Opp'n at 2.  But the fact that Mr. Pack survived a motion for
    summary judgment does not mean that he lacked an incentive to avoid

27  the state court's other adverse rulings.  Indeed, if Mr. Pack was
    so confident about his chances in state court, it is unclear why he

28  decided to (improperly) remove on the eve of trial.

**United States District Court**
For the Northern District of California

their representation of him in 2006, the misconduct alleged must have occurred more than four years prior to the filing of the '12 Action. As Defendants raised the statute of limitations issue in their Motion to Dismiss the '12 Complaint, Mr. Pack must have been aware of it when he amended his pleading. Instead of abandoning his claims for breach of contract and bad faith in the '12 FAC, he reasserted them. '12 FAC ¶¶ 98-107. He also reasserted his misstatement of the relevant statute of limitations. Id. ¶ 13. Mr. Pack's conduct amounts to a clear violation of Rule 11(b)(2) since a reasonable inquiry would have shown that there was no legal support for his claims. Mr. Pack apparently concedes this point, as he does not address the issue in his opposition to Defendants' Motion for Sanctions.

The RICO claims asserted in the '12 Action are also frivolous. Mr. Pack alleges violations of 18 U.S.C. § 1962(b), which makes it unlawful "for or any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain . . . any interest in or control of any enterprise which is engaged in . . . interstate or foreign commerce," as well as § 1962(c), which makes it unlawful "for any person . . . associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Among other things, Mr. Pack failed to allege a "pattern" or a "racketeering activity" in either the '12 Complaint or the '12 FAC. See '12 Compl. ¶¶ 95-101; '12 FAC ¶¶ 104-127. In fact, Mr. Pack's entire '12 Action appears to be nothing more than an improper attempt to transform a simple state-

**United States District Court**
For the Northern District of California

1   law billing dispute into a federal claim for treble damages. See

2   Mitchell v. Kaiser Found. Health Plan, Inc., C 09-05306 RS, 2010 WL

3   5387712, at *3 (N.D. Cal. Dec. 22, 2010) ("series of hospital

4   billing statements in relation to a single event cannot be

5   considered a 'pattern' of RICO activity").

6        Mr. Pack's opposition to Defendants' Motion for Sanctions does

7   not seriously address this point.  Instead, Mr. Pack merely cites

8   to the Eighth Circuit's opinion in Handeen v. Lemaire, 112 F.3d

9   1339 (8th Cir. 1997), for the unremarkable proposition that

10  attorneys may be sued under RICO.  Opp'n at 3-4.  The Court does

11  not dispute that any number of professionals, including lawyers,

12  doctors, and tailors, may be named as defendants in a RICO action.

13  However, the pertinent question is generally whether those

14  defendants engaged in a pattern of racketeering activity.  Mr. Pack

15  has offered no plausible allegations of a pattern of racketeering

16  here.  Further, contrary to Mr. Pack's assertion, Handeen is

17  readily distinguishable from the '12  Action.  In Handeen, the

18  defendant was convicted of assaulting the plaintiff and the

19  plaintiff later filed a civil suit to recover damages.  112 F.3d at

20  1343.  When the plaintiff attempted to collect on the judgment, the

21  defendant filed for bankruptcy in bad faith.  Id.  The plaintiff

22  later filed suit against the defendant, his family, and his law

23  firm under the RICO statute, alleging that they had engaged in

24  racketeering activity to conceal the defendant's wages and inflate

25  his expenses in order to minimize the plaintiff's recovery through

26  the bankruptcy process.  Id. at 1343-44.  The district court

27  granted the law firm's motion for summary judgment and the Eighth

28  Circuit reversed, finding that there was a triable issue of fact as

**United States District Court**
For the Northern District of California

1  to whether the firm had participated in the racketeering scheme.

2  Id. at 1347, 1355.  It is unclear how Handeen could possibly

3  support a finding that Defendants can be held liable under the RICO

4  statute for overbilling a client.

5       While merely failing to state a claim generally does not

6  constitute sanctionable conduct, this case is unique.  First, "[a]

7  RICO cause of action by definition involves complex litigation and

8  high legal costs."  Chapman & Cole v. Itel Container Int'l  B.V.,

9  865 F.2d 676, 685 (5th Cir. 1989).  Accordingly, "an attorney's

10 responsibility to conduct reasonable prefiling investigation is

11 particularly important in RICO claims."  Id.  In this case, Mr.

12 Pack's attorney has offered no indication that he performed any

13 investigation prior to asserting RICO claims in the '12 Complaint

14 and the '12 FAC.  Second, in light of the procedural history, it

15 appears that Mr. Pack's RICO claim -- the only federal claim in the

16 '12 Action -- was merely asserted to avoid state court

17 jurisdiction.  See '12 Compl. ¶ 1 (asserting federal question

18 jurisdiction based upon claims arising under the RICO statute); '12

19 FAC ¶ 1 (same).  Third, Mr. Pack was unable to state a RICO claim

20 despite having the benefit of several months of discovery in state

21 court.  By the time Mr. Pack filed the '12 Action, his state court

22 action against Defendants had been pending for over eighteen

23 months.  Thus, a reasonable review of the law and the facts should

24 have alerted Mr. Pack's attorney that a RICO claim could not be

25 sustained.

26      In sum, the Court finds that there are ample grounds to

27 conclude that the '12 Action was filed for an improper purpose and

28 that the claims asserted in the '12 Action are frivolous.

**United States District Court**
For the Northern District of California

1    **B.**    <u>Nature of Sanctions in the '12 Action</u>

2      Having determined that Rule 11 sanctions are appropriate in

3 the '12 Action, the Court now considers the nature of the

4 appropriate sanction. Rule 11 provides that sanctions "must be

5 limited to what suffices to deter repetition of the conduct or

6 comparable conduct by others similarly situated." Fed. R. Civ. P.

7 11(c)(4). Rule 11 also provides that the sanction may include "an

8 order directing payment to the movant of part or all of the

9 reasonable attorney's fees and other expenses directly resulting

10 from the violation." <u>Id.</u>

11      In the '12 Action, Defendants appear to be requesting

12 approximately $29,000 for the attorney fees incurred in filing the

13 Motion for Sanctions, the Motion to Dismiss the '12 Complaint, and

14 the Motion to Dismiss the '12 FAC. <u>See</u> Krieg Decl. Ex. B; Lane

15 Decl. Ex. B.; Field Decl. Ex. B. However, Rule 11 was not intended

16 to be a fee-shifting mechanism, and an award of $29,000 exceeds

17 what is necessary to deter the filing of baseless pleadings. <u>See</u>

18 <u>Calloway v. Marvel Entm't Grp.</u>, 9 F.3d 237, 241 (2d Cir. 1993). A

19 more appropriate sanction would be $10,000. As nothing in the

20 record suggests that Mr. Pack is more or less blameworthy than his

21 counsel, Mr. Robinson, this Order will impose joint and several

22 liability for the amount assessed.

23    **C.**    <u>Attorneys' Fees in the '13 Action</u>

24      In the December 7 Order, the Court determined that Mr. Pack's

25 removal in the '13 Action was objectively unreasonable and granted

26 Defendants' motion for attorney fees incurred in connection with

27 removal. Dec. 7 Order at 7. However, the Court deferred ruling on

28 the amount of the fee award pending supplemental briefing. <u>Id.</u>

1  Defendants have since submitted supplemental briefing on the issue

2  and the Court finds that the matter is now appropriate for

3  determination.

4      Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may

5  require payment of just costs and any actual expenses, including

6  attorney fees, incurred as a result of the removal."  Courts in

7  this circuit generally calculate the award of attorneys' fees using

8  the lodestar method, whereby the court "multipl[ies] the number of

9  hours the prevailing party reasonably expended on the litigation by

10 a reasonable hourly rate."  Ferland v. Conrad Credit Corp., 244

11 F.3d 1145, 1149 n.4 (9th Cir. 2001) (quotations omitted).  "[T]he

12 party seeking an award of attorneys' fees bears the burden of

13 producing 'satisfactory evidence -- in addition to the attorney's

14 own affidavits -- that the requested rates are in line with those

15 prevailing in the community for similar services by lawyers of

16 reasonably comparable skill, experience and reputation.'"  Andrews

17 v. Lawrence Livermore Nat. Sec., LLC, C 11-3930 CW, 2012 WL 160117,

18 at *1 (N.D. Cal. Jan. 18, 2012) (quoting Camacho v. Bridgeport

19 Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008)).  "In determining

20 the appropriate number of hours to be included in a lodestar

21 calculation, the district court should exclude hours that are

22 excessive, redundant, or otherwise unnecessary."  McCown v. City of

23 Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quotations omitted).

24     In this case, Defendants request $20,396 in attorney fees in

25 connection with the '13 Action.  In support of their request,

26 Defendants have submitted declarations by three attorneys, a senior

27 partner, junior partner, and associate, who represented them in

28

**United States District Court**
For the Northern District of California

1   this matter.[3]   The Court finds that the hourly rates requested by

2   the Defendants -- $450, $305, and $275 respectively for the senior

3   partner, junior partner, and associate -- are reasonable.  However,

4   the hours expended on the motions in the '13 Action are excessive

5   and unnecessary in light of the simplicity of the issues presented.

6   Defendants' attorneys expended over 42 hours on Defendants' motion

7   to remand and another 27 hours on their motion for sanctions in

8   connection with Mr. Pack's improper removal.  See Krieg Decl. Ex.

9   B; Lane Decl. Ex. B.; Field Decl. Ex. B.  However, as set forth in

10  the December 7 Order, the legal issues involved in Mr. Pack's

11  improper removal are remarkably straightforward: The clear and

12  unambiguous language of 28 U.S.C. § 1441(a) barred Mr. Pack from

13  removing his state action to federal court.  Since this case turned

14  on the straightforward application of a well-known, bright-line

15  rule, Defendants' attorneys should have expended no more than

16  eighteen hours on Defendants' motions, which would have amounted to

17  about $5,000 in attorneys' fees.[4]

18      This leaves the issue of who should pay under 28 U.S.C. §

19  1447(c), Mr. Pack or his counsel.  District courts are divided on

20  the issue, see In re Crescent City Estates, LLC, 588 F.3d 822, 825

21  (4th Cir. 2009) (collecting cases), and the Ninth Circuit has yet

22  to address it.  In Crescent City, the Fourth Circuit held that the

23  party, not the attorney should be held liable under § 1447(c).  Id.

---

[3] Defendants also request $2,053.81 in costs in connection with
their attorneys' Westlaw charges.  This request is denied.
Defendants have failed to distinguish between the charges incurred
in the '12 and '13 Action.  Further, these charges are excessive in
light of the simplicity of the legal issues involved in the '13
Action.

[4] Assuming that the senior partner, junior partner, and associate
billed 1.5, 2.5, and 13.5 hours, respectively.

United States District Court
For the Northern District of California

1  The Court reasoned that the "American rule" -- which provides that

2  the prevailing litigant is ordinarily not entitled to collect

3  attorney fees from the loser -- "creates the presumption that

4  parties bear their own legal cost, win or lose" and, absent

5  explicit authorization from Congress, courts should "keep the

6  American rule intact."[5]  Id. at 825-826.   The Court finds this

7  reasoning persuasive.

8       Accordingly, the Court awards Defendants $5,000 in attorneys'

9  fees in connection with Mr. Pack's improper removal.   This amount

10  is to be assessed against Mr. Pack alone.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25
   [5] In contrast, Rule 11 sanctions may be imposed jointly and
26  severally as between a party and his counsel. See Fed. R. Civ. P.
    11(c)(1) ("the court may impose an appropriate sanction on any
27  attorney, law firm, or party that violated the rule or is
    responsible for the violation"); Kendrick v. Zanides, 609 F. Supp.
28  1162, 1173 (N.D. Cal. 1985) (imposing joint and several liability
    on attorney and party).

15

**United States District Court**
For the Northern District of California

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Hoge Fenton Jones and Appel, Inc., Sblend Sblendorio, and Paul Breen's motion for Rule 11 Sanctions in Case Number 12-cv-4512-SC and sanctions Plaintiff Robert Pack and his attorney, Russell A. Robinson in the amount of $10,000. Mr. Robinson and Mr. Pack are jointly and severally liable for the sanctions awarded and the sanction is to be paid to Defendants. As to Case Number 12-cv-4513-SC, the Court awards Defendants $5,000 in attorneys' fees in connection with Mr. Pack's improper removal. These attorneys' fees shall be assessed against Mr. Pack only.

IT IS SO ORDERED.


Dated: January 10, 2013

_____
UNITED STATES DISTRICT JUDGE